UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DINNER TABLE ACTION et al.,

Plaintiffs,

v.

WILLIAM J. SCHNEIDER et al.,

Defendants.

Docket No. 1:24-cv-00430-KFW

**STATE DEFENDANTS' ANSWER**

Defendants William J. Schneider, David R. Hastings III, Sarah LeClaire, Dennis Marble, Beth N. Ahearn, in their official capacities as members of the Commission on Governmental Ethics and Election Practices, (the "Commission") and Aaron M. Frey, in his official capacity as Attorney General (collectively "State Defendants") answer the Complaint (ECF No. 1) as follows:

*Introduction*

The unnumbered paragraphs in the Introduction contain legal argument, to which no response is required. To the extent a response is required, State Defendants deny that the paragraphs accurately state the scope of Plaintiffs' constitutional rights and deny that the Act to Limit Contributions to Political Action Committees That Make Independent Expenditures (the "Act") is unconstitutional, violates Plaintiffs' fundamental rights, and must be enjoined. State Defendants further deny that the Act requires the disclosure of all donors to PACs which make independent expenditures.

1

*Jurisdiction and Venue*

1. State Defendants deny that the Court has subject-matter jurisdiction over some or all of the claims in this case.

2. Admitted.

*The Parties*

3. State Defendants admit the first sentence of Paragraph 3. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 3 and therefore deny them.

4. State Defendants admit the first sentence of Paragraph 4. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 4 and therefore deny them.

5. State Defendants admit that Plaintiff Alexander Titcomb is the principal officer of Dinner Table Action. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 5 and therefore deny them.

6. State Defendants admit that Plaintiff Alexander Titcomb is the principal officer of For Our Future. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 5 and therefore deny them.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

## Statement of Facts
### The preexisting regulatory scheme

13. Paragraph 13 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants deny that Paragraph 13 accurately defines a political action committee under Maine law.

14. Paragraph 14 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that Paragraph 14 accurately states the contributions limits for PACs and individuals and otherwise deny Paragraph 14.

15. Paragraph 15 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that paragraph 15 accurately describes potential criminal penalties for exceeding contribution limits and otherwise deny Paragraph 15.

16. Paragraph 16 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that Paragraph 16 accurately states a statutory penalty for exceeding contribution limits and otherwise deny Paragraph 16.

17. Paragraph 17 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that the Commission has the power to collect the penalties it assesses and further admits that Paragraph 17 accurately quotes portions of a statute concerning the collection of penalties. State Defendants otherwise deny Paragraph 17.

18. Paragraph 18 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that a penalized party generally has 30 days to pay the full amount of any penalty.

19. Paragraph 19 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that Paragraph 19 accurately quotes a portion of the cited statute and otherwise deny Paragraph 19.

20. Paragraph 20 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants admit that Paragraph 20 accurately quotes a portion of the cited statute and otherwise deny Paragraph 20.

*The Citizens Initiative*

21. Admitted.

22. Admitted.

23. State Defendants admit that Paragraph 23 accurately quotes the cited Fiscal Impact Statement. State Defendants deny Paragraph 23 to the extent it alleges that the Act is unconstitutional.

24. Paragraph 24 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants deny that Paragraph 24 is a complete description of Section 1 of the Act.

25. Paragraph 25 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants deny that Paragraph 25 is a complete description of Section 2 of the Act.

26. Paragraph 26 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants deny Paragraph 26.

27. Paragraph 27 contains an assertion of law, to which no response is required. To the extent a response is required, State Defendants deny that Paragraph 27 is a complete and accurate description of Section 4 of the Act.

*The Act's Impact
on Plaintiff's speech and association rights*

28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

29. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

30. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

31. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

32. State Defendants admit that Dinner Table Action was briefly subject to a law that limited the amount of funds it could raise but deny the implication in Paragraph 32 that Dinner Table Action's lawsuit was the cause of the law's repeal. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

33. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

34. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

35. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

36. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

37. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

38. Paragraph 38 contains an assertion of law, to which no response is required. State Defendants admit that, under Maine law, contributions of less than $50 from individuals to PACs generally need not be reported. State Defendants otherwise deny the allegation in Paragraph 38.

39. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

40. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

41. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

42. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

43. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

44. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

45. Denied.

46. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

47. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

48. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

49. Denied.

50. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

51. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

52. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

53. Denied.

54. Denied.

55. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

56. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

57. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

58. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

*Count I*
*Contribution and Expenditure Limits*
*Rights of Free Speech and Association*
*U.S. Const. Amends. I, XIV — 42 U.S.C. §1983*

59. State Defendants incorporate all previous paragraphs as if stated herein.

60. No response to this paragraph is required because it states legal conclusions. To the extent a response is required, State Defendants admit that the First Amendment protects political association and political expression and admit that the paragraph accurately quotes the caselaw it cites, and otherwise deny this paragraph.

61. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

62. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny that Paragraph 62 is a complete and accurate description of the level of scrutiny applicable to contribution limits.

63. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

64. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

65. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

66. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

67. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

68. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

*Count II*
*Disclosure Requirements*
*Rights of Free Speech and Association*
*U.S. Const. Amends. I, XIV — 42 U.S.C. § 1983*

69. State Defendants incorporate all previous paragraphs as if stated herein.

70. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny that Paragraph 70 accurately describes the Act's requirements.

71. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny that Paragraph 71 accurately describes the Act's requirements.

72. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

73. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

74. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

75. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

76. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

*Count III*
*Equal Protection*
*U.S. Const. Amend. XIV — 42 U.S.C. § 1983*

77. State Defendants incorporate all previous paragraphs as if stated herein.

78. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny that Paragraph 78 fully describes the applicable legal doctrine.

79. No response to this paragraph is required because it states a legal conclusion. To the extent that a response is required, State Defendants admit that party committees are not subject to the Act's contribution limits and otherwise deny Paragraph 79.

80. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

81. Denied.

82. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

83. Denied.

84. Denied.

85. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

86. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

87. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

88. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

89. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

90. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

91. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

92. No response to this paragraph is required because it states a legal conclusion. To the extent a response is required, State Defendants deny this paragraph.

*Prayer for Relief*

State Defendants deny that Plaintiffs are entitled to a judgment in their favor or any of the relief requested.

**Affirmative Defenses**

Expressly reserving the right to amend or supplement the defenses set forth below, and reserving and not waiving any defenses, Defendants assert the following affirmative defenses to the Complaint:

1. The complaint fails to state a claim for which relief can be granted.
2. The Court lacks subject-matter jurisdiction over some or all of Plaintiffs' claims.
3. Some or all of Plaintiffs' claims are not justiciable.
4. Plaintiffs lack standing to assert some or all of the claims in the complaint.
5. Some or all of the claims in the complaint are not ripe.
6. Some or all of Plaintiffs' claims are barred in whole or in part by waiver or estoppel.
7. Plaintiffs have failed to exhaust their administrative remedies.
8. Plaintiffs are not entitled to equitable relief under the circumstances of this case.

Defendants pray for judgment against Plaintiffs on all counts in the Complaint and for such other relief as the Court deems just and appropriate, including attorneys' fees and costs.

Dated: January 6, 2025                    AARON M. FREY
                                          Attorney General

                                          /s/ Jonathan R. Bolton
                                          Jonathan R. Bolton
                                          Assistant Attorney General
                                          Office of the Attorney General
                                          6 State House Station
                                          Augusta, ME 04333-0006
                                          Tel. (207) 626-8800
                                          jonathan.bolton@maine.gov

                                          *Attorney for State Defendants*