UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DINNER TABLE ACTION, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>WILLIAM J. SCHNEIDER, *et al.*,<br><br>        Defendants. | Docket No. 1:24-cv-00430-KFW |

**INTERVENORS' ANSWER**

Intervenors Maine State Senator Richard Bennett, Cara and Peter McCormick, and EqualCitizens answer the allegations set forth in the Complaint (ECF No. 1) as follows:

*Introduction*

The unnumbered paragraphs in the Introduction contain legal argument, so no response is required. To the extent this Court requires a response, Intervenors deny that the introduction accurately states Plaintiffs' rights under the Constitution. Intervenors also deny that the Act to Limit Contributions to Political Action Committees That Make Independent Expenditures (the "Act") is unconstitutional and must be enjoined. Intervenors admit that the Act requires that "a person, party committee or political action committee that makes any independent expenditure in excess of $250 during any one candidate's election shall file a report with the commission," and that the Act's amendment of that Section added that the report must "contain an itemized account of the total contributions from each contributor."

*Jurisdiction and Venue*

1. Admitted.

2. Admitted.

*The Parties*

3. Intervenors admit the first sentence of Paragraph 3. Intervenors deny the remainder of Paragraph 3 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

4. Intervenors admit the first sentence of Paragraph 4. Intervenors deny the remainder of Paragraph 4 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

5. Intervenors admit that Plaintiff Alexander Titcomb is the principal officer of Dinner Table Action. Intervenors deny the remainder of Paragraph 5 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

6. Intervenors admit that Plaintiff Alexander Titcomb is the principal officer of For Our Future. Intervenors deny the remainder of Paragraph 5 because Intervenors do not have enough knowledge or information to determine the truth of the allegations contained therein.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

*Statement of Facts*

*The preexisting regulatory scheme*

13. Paragraph 13 contains an assertion of law, so no response is required. To the extent this court requires a response, Intervenors deny that Paragraph 13 accurately describes a political action committee under Maine law.

14. Paragraph 14 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that Paragraph 14 accurately describes the contributions limits for PACs and individuals. Intervenors otherwise deny Paragraph 14.

15. Paragraph 15 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that Paragraph 15 accurately describes potential criminal penalties for exceeding contribution limits. Intervenors otherwise deny Paragraph 15.

16. Paragraph 16 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that Paragraph 16 accurately describes a statutory penalty for exceeding contribution limits. Intervenors otherwise deny Paragraph 16.

17. Paragraph 17 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that the Commission has the power to collect the penalties that it imposes and further admits that Paragraph 17 accurately quotes portions of a statute regarding penalty collection. Intervenors otherwise deny Paragraph 17.

18. Paragraph 18 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that a party in violation of the campaign contribution laws generally has 30 days to pay the full amount of any penalty.

19. Paragraph 19 contains an assertion of law, so no response is required. To the extent a this Court requires a response, Intervenors admit that Paragraph 19 accurately quotes a portion of the statute cited therein. Intervenors otherwise deny Paragraph 19.

20. Paragraph 20 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that Paragraph 20 accurately quotes a portion of the statute cited therein. Intervenors otherwise deny Paragraph 20.

*The Citizens Initiative*

21. Admitted.

22. Admitted.

23. Intervenors admit that Paragraph 23 accurately quotes the Fiscal Impact Statement. Intervenors deny Paragraph 23 to the extent that the quoted language from the Statement indicates that the Act is unconstitutional.

24. Paragraph 24 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny that Paragraph 24 is a comprehensive description of Section 1 of the Act.

25. Paragraph 25 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny that Paragraph 25 is a comprehensive description of Section 2 of the Act.

26. Paragraph 26 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny Paragraph 26.

27. Paragraph 27 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny that Paragraph 27 is a comprehensive description of Section 4 of the Act.

*The Act's Impact on Plaintiffs' Speech and Association Rights*

28. Intervenors deny the allegations set forth in Paragraph 28 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

29. Intervenors deny the allegations set forth in Paragraph 29 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

30. Intervenors deny the allegations set forth in Paragraph 30 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

31. Intervenors deny the allegations set forth in Paragraph 31 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

32. Intervenors admit that Dinner Table Action was briefly subject to a law that limited the amount of funds it could raise. Intervenors deny the remaining allegations set forth in Paragraph 32 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

33. Intervenors deny the allegations set forth in Paragraph 33 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

34. Intervenors deny the allegations set forth in Paragraph 34 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

35. Intervenors deny the allegations set forth in Paragraph 35 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

36. Intervenors deny the allegations set forth in Paragraph 36 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

37. Intervenors deny the allegations set forth in Paragraph 37 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

38. Paragraph 38 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that Maine law requires that individual contributions

of $50 or less to PACs need not be reported. Intervenors otherwise deny the assertions in Paragraph 38.

39. Intervenors deny the allegations set forth in Paragraph 39 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

40. Intervenors deny the allegations set forth in Paragraph 40 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

41. Intervenors deny the allegations set forth in Paragraph 41 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

42. Intervenors deny the allegations set forth in Paragraph 42 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

43. Intervenors deny the allegations set forth in Paragraph 43 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

44. Intervenors deny the allegations set forth in Paragraph 44 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

45. Denied.

46. Intervenors deny the allegations set forth in Paragraph 46 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

47. Intervenors deny the allegations set forth in Paragraph 47 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

48. Intervenors deny the allegations set forth in Paragraph 48 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

49. Denied.

50. Intervenors deny the allegations set forth in Paragraph 50 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

51. Intervenors deny the allegations set forth in Paragraph 51 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

52. Intervenors deny the allegations set forth in Paragraph 52 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

53. Denied.

54. Denied.

55. Intervenors deny the allegations set forth in Paragraph 55 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

56. Intervenors deny the allegations set forth in Paragraph 56 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

57. Intervenors deny the allegations set forth in Paragraph 57 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

58. Intervenors deny the allegations set forth in Paragraph 58 because Intervenors do not have sufficient knowledge or information to determine the truth of the allegations contained therein.

*Count I*

*Contribution and Expenditure Limits*

*Rights of Free Speech and Association*

*U.S. Const. Amends. I, XIV – 42 U.S.C. § 1983*

59. Intervenors incorporate by reference all previous paragraphs.

60. Paragraph 60 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that the First Amendment protects political

association and expression and that the case citations contained in the paragraph are accurate. Intervenors otherwise deny the paragraph.

61. Paragraph 61 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

62. Paragraph 62 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

63. Paragraph 63 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

64. Paragraph 64 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

65. Paragraph 65 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

66. Paragraph 66 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

67. Paragraph 67 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

68. Paragraph 68 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

*Count II*

*Disclosure Requirements*

*Rights of Free Speech and Association*

*U.S. Const. Amends. I, XIV – 42 U.S.C. § 1983*

69. Intervenors incorporate by reference all previous paragraphs.

70. Paragraph 70 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that the Act requires that "a person, party committee or political action committee that makes any independent expenditure in excess of $250 during any one candidate's election shall file a report with the commission," and that the Act's amendment of that Section added that the report "must contain an itemized account of the total contributions from each contributor." Intervenors otherwise deny the allegations contained in the paragraph.

71. Paragraph 71 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that the Act requires that a disclosure report under Section 1019-B(4) "must contain an itemized account of the total contributions from each contributor."

72. Paragraph 72 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

73. Paragraph 73 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

74. Paragraph 74 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

75. Paragraph 75 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

76. Paragraph 76 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

*Count III*

*Equal Protection*

*U.S. Const. Amend. XIV – 42 U.S.C. § 1983*

77. Intervenors incorporate by reference all previous paragraphs.

78. Paragraph 78 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny that the paragraph comprehensively describes the relevant legal doctrine.

79. Paragraph 79 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors admit that party committees are not subject to the Act's contribution limits. Intervenors otherwise deny the paragraph.

80. Paragraph 80 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

81. Denied.

82. Paragraph 82 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

83. Denied.

84. Denied.

85. Paragraph 85 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

86. Paragraph 86 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

87. Paragraph 87 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

88. Paragraph 88 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

89. Paragraph 89 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

90. Paragraph 90 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

91. Paragraph 91 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

92. Paragraph 92 contains an assertion of law, so no response is required. To the extent this Court requires a response, Intervenors deny the paragraph.

*Prayer for Relief*

Intervenors deny that Plaintiffs are entitled to a favorable judgment or any of their requested relief.

*Affirmative Defenses*

Intervenors assert the following affirmative defenses to the Complaint:

Failure to state a claim upon which relief can be granted.

Intervenors expressly reserve the right to amend or supplement the above defenses. Intervenors pray for judgment against the Plaintiffs on all counts in the Complaint and for any other relief requested, including attorneys' fees and costs.

Respectfully submitted,

*/s/* David M. Kallin
David M. Kallin, Bar No. 4558
Adam R. Cote, Bar No. 9213
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101-2480
(207) 772-1941
dkallin@dwmlaw.com
acote@dwmlaw.com

Neal Kumar Katyal*
Ezra P. Louvis*
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
neal.katyal@hoganlovells.com

* *pro hac vice* pending

*Counsel for Richard Bennett, Cara McCormick, Peter McCormick, and EqualCitizens*

January 24, 2025