# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DINNER TABLE ACTION, et al., | |
| Plaintiffs, | |
| v. | No. 1:24-cv-00430-KFW |
| WILLIAM J. SCHNEIDER, et al., | |
| Defendants. | |

**UNOPPOSED MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND TO FILE *AMICUS* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

The Chamber of Commerce of the United States of America (the "Chamber") respectfully requests leave to file the attached amicus brief in support of Plaintiffs' request for injunctive relief. All parties to this litigation are unopposed to the filing of this *amicus* brief, and no party or their counsel authored any part of this brief or provided any funds for the preparation or submission of the brief.

**I.    LEGAL STANDARD**

The participation of an amicus in a proceeding is "for the benefit of the court." *All. of Auto. Mfrs. v. Gwadowksy*, 297 F. Supp. 2d 305, 306–07 (D. Me. 2003) (citation omitted). Courts grant *amicus* status "when there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus [e]nsures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Portland Pipe Line Corp. v. City of S. Portland*, No. 2:15-cv-00054-JAW, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) (citation omitted). For the reasons stated below, the Chamber and its proposed *amicus* brief meet these criteria.

## II.     INTEREST OF *AMICUS CURIAE*

The Chamber of Commerce of the United States of America (the "Chamber") is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3,000,000 companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to advocate on behalf of its members in matters before Congress, the Executive Branch, and the courts.

The Chamber plays a key role in advancing the First Amendment rights of its members. In that capacity, the Chamber was a party to the *McConnell v. FEC*, 540 U.S. 93 (2003) litigation that challenged the facial constitutionality of an electioneering communication ban on corporate political speech. The Chamber also regularly files *amicus curiae* briefs where the business community's right to political speech is at stake. *See, e.g.*, *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595 (2021); *Am. Tradition P'ship, Inc. v. Bullock*, 567 U.S. 516 (2012); *Citizens United v. FEC*, 558 U.S. 310 (2010); *Wis. Right to Life, Inc. v. FEC*, 546 U.S. 410 (2006); *Republican Party of Minn. v. White*, 536 U.S. 765 (2002); *Elections Bd. of State of Wis. v. Wis. Mfrs. & Com.*, 597 N.W.2d 721 (Wis. 1999); *FEC v. Mass. Citizens for Life, Inc.*, 479 U.S. 238 (1986); Amicus Brief of the Chamber of Commerce of the United States, *Minn. Chamber of Com. v. Choi*, No. 23-CV-02015, (D. Minn. Aug. 2, 2024) (Dkt. No. 139-1). And the Chamber has litigated to preserve its own First Amendment rights of speech and association. *See, e.g.*, *Chamber of Com. of the U.S.*, 288 F.3d 187 (5th Cir. 2002); *Chamber of Com. of the U.S. v. FEC*, 69 F.3d 600 (D.C. Cir. 1995).

The restrictions Maine is attempting to place on the ability of citizens to participate in the democratic process through contributions to independent-expenditure political action committees, often referred to as "Super PACs," are contrary to the First Amendment, which protects the ability of Americans to speak both as individuals and collectively. The Chamber has a strong interest in

ensuring that individuals can associate and speak in concert without undue interference from government. If the activities of political action committees are restricted, as Maine is attempting to do here, the First Amendment rights of other organizations are necessarily at risk.

### III. THE CHAMBER'S FIRST AMENDMENT EXPERTISE AND BUSINESS PERSPECTIVE WILL BENEFIT THE COURT

The Chamber's proposed *amicus* brief is useful to the Court. The Chamber has extensive experience representing the First Amendment rights of the business community. *See supra*. This perspective will benefit the Court in considering the commercial interests threatened by Maine's actions. Also, while Plaintiffs' brief, which seeks injunctive relief, focuses on the specific harms of Maine's law, the Chamber's *amicus* brief addresses the law's broader impact on the First Amendment rights of corporations and other associations.

### IV. CONCLUSION

For the reasons stated, the Chamber requests that the Court (1) grant its request to participate as *amicus curiae* in this case and (2) order that the Clerk of Court file the attached *amicus* brief as a separate docket entry.

| | |
|---|---|
| Dated: January 24, 2025 | CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br>By counsel<br><br>/s/ Ashley E. Eiler<br>Caleb P. Burns (*pro hac vice* forthcoming)<br>Andrew G. Woodson (*pro hac vice* forthcoming)<br>Ashley E. Eiler (Maine Bar No. 005300)<br>William K. Lane III (*pro hac vice* forthcoming)<br>WILEY REIN LLP<br>2050 M St NW<br>Washington, DC 20036<br>(202) 719-7000<br>cburns@wiley.law<br>awoodson@wiley.law<br>aeiler@wiley.law<br>wlane@wiley.law<br><br>*Counsel for* Amicus Curiae *Chamber of Commerce of the United States of America* |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2025 I electronically filed the above paper with the Clerk of Court using the ECF system, which sends notification of such filing to all counsel of record.

Dated: January 24, 2025                             /s/ Ashley E. Eiler
                                                    Ashley E. Eiler