UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DINNER TABLE ACTION et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00430-KFW |
| | ) | |
| WILLIAM J. SCHNEIDER, in his official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices, et al., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON MOTION TO INTERVENE

In this case, the Plaintiffs challenge the constitutionality of Maine's "An Act to Limit Contributions to Political Action Committees That Make Independent Expenditures," which was enacted by citizens' initiative in November 2024. The Defendants—the members of the Maine Commission on Governmental Ethics and Election Practices and the Maine Attorney General—have agreed not to enforce the Act until May 30, 2025, to allow time to resolve this case and avoid the need to litigate a temporary restraining order. *See* ECF No. 12. Given this tight timeframe, both sides agreed to a short briefing schedule with the goal of holding a final hearing sometime in March or early April 2025; the Plaintiffs have already filed their motion for a permanent injunction and the Defendants have already filed their opposition to that motion. *See* ECF Nos. 12, 16, 45.

On January 24, 2025, the nonpartisan fair elections organization EqualCitizens, citizens' initiative proponents Cara and Peter McCormick, and Maine State Senator Richard A. Bennett jointly moved to intervene as of right or, alternatively, with the Court's permission, to defend the constitutionality of the Act. *See* Motion (ECF No. 17). The Plaintiffs oppose intervention, arguing that the Putative Intervenors have failed to show they are entitled to intervention as of right and that their addition to the case would cause undue delay. *See* Opposition (ECF No. 35). The Defendants do not oppose intervention.

On February 24, 2025, I held oral argument on the motion to intervene. The Putative Intervenors emphasized that they do not wish to cause delay and that they stand ready to file their opposition to the Plaintiffs' motion for a permanent injunction. They clarified that, if they are permitted to intervene, they intend to submit with their opposition evidence from three experts totaling approximately one-hundred pages. The Plaintiffs bemoaned the idea of being tag-teamed by the Defendants and the Putative Intervenors and pointed out that they might have to conduct additional discovery or submit additional evidence if the Putative Intervenors are allowed to submit evidence. For their part, the Defendants clarified that, although they might move to submit some of the same evidence if intervention is denied, they are not totally aligned with the Putative Intervenors. The Defendants also noted that they would likely be amenable to delaying enforcement of the Act by another month or two if necessary.

I will begin—and, it turns out, end—my analysis with whether the Putative Intervenors should be permitted to intervene. *See Penobscot Nation v. Mills*, No. 1:12-cv-254-GZS, 2013 WL 3098042, at *5 (D. Me. June 18, 2013) (granting permissive intervention without considering whether the intervenors were entitled to intervention as of right). Fed. R. Civ. P. 24(b) gives courts broad discretion to "allow the intervention of any party who 'has a claim or defense that shares with the main action a common question of law or fact.'" *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(1)(B)). In considering whether to permit intervention, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and may consider any other relevant factors. *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

As an initial matter, the Putative Intervenors seek to intervene to defend the constitutionality of the Act, so they clearly have a "defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Plaintiffs do not assert otherwise but argue that the Putative Intervenors should not be permitted to intervene because (1) the Defendants will adequately represent their interests, (2) they can raise their legal arguments through a less intrusive amicus brief, and (3) their motion to intervene is untimely and, if granted, will cause delay by necessitating "additional discovery and additional briefing." Opposition at 6-7.

As to their first point, the Plaintiffs are right that, even in the context of permissive intervention, weight "should ordinarily" be given "to whether the original

3

parties to the action adequately represent the interests of the putative intervenors." *T-Mobile*, 969 F.3d at 41. Here, although their interests are not totally aligned, it is fair to say that the Defendants and the Putative Intervenors agree on many issues— indeed, the Defendants indicate that they will seek to submit some of the same evidence if intervention is denied. *See* ECF No. 45 at 15. But even if this factor weighs against intervention, my discretion under Rule 24(b) is "very broad" and I am "free to consider" also "whether the [Putative Intervenors] may be helpful in fully developing the case." *T-Mobile*, 969 F.3d at 41-42 (cleaned up). Given that the Putative Intervenors can offer a unique perspective from the Defendants and will put forth a distinct originalist defense of the Act, I find that they will add value to this litigation, which weighs in favor of permitting intervention. *See* 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.10 (LEXIS through Mar. 2025) (noting that courts are inclined to permit intervention if "the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues").

With regard to the Plaintiffs' second point, I am not persuaded that the Putative Intervenors can adequately raise their arguments in an amicus brief. "[A] district court should not consider arguments raised by amici that go beyond the issues raised by the parties," *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 564 n.8 (1st Cir. 2021), and the Defendants have explicitly disavowed any intention to raise an originalist defense of the Act if intervention is denied. Accordingly, I would be

precluded from considering any novel arguments raised in an amicus brief filed by the Putative Intervenors.

That leaves the Plaintiffs' arguments about timeliness and undue delay. Although they certainly might have moved to intervene sooner, the Putative Intervenors filed their motion a mere six weeks after the start of this case; given the level of coordination required to file their detailed motion, declarations, and proposed answer and that the timeframe in question encompassed the end of the year holiday season, I find the motion timely filed. *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009) (noting that "there are no ironclad rules about just how [quickly], in terms of days or months, a person must move to" intervene after learning of a case).

As for delay, there is no denying that adding the Putative Intervenors to this case may require extending some deadlines. The Putative Intervenors indicate that they will abide by the same deadlines as the Defendants and will not seek discovery beyond what the Defendants seek, but they do not entirely come to grips with the fact that their insertion into the case will require the Plaintiffs to respond to new arguments and evidence, which may, in turn, require the Plaintiffs to engage in discovery and/or submit rebuttal evidence. Nevertheless, "delay in and of itself does not mean that intervention should be denied," 7C Mary Kay Kane, *Federal Practice and Procedure* § 1913 (Westlaw through June 2024), and I conclude that the schedule can be adjusted to avoid any significant delay or prejudice to the Plaintiffs.

Because the balance of the relevant factors weighs in favor of permitting intervention, the Putative Intervenors' motion to intervene is ***GRANTED*** on the condition that the now Intervenor-Defendants will not seek discovery beyond that sought by the original Defendants and will be subject to the same deadlines as the original Defendants.  The Intervenor-Defendants shall file their answer and opposition to the Plaintiffs' motion for a permanent injunction by February 26, 2025. The Plaintiffs shall review the Intervenor-Defendants' opposition and accompanying evidence, meet and confer with the Intervenor-Defendants and the original Defendants to discuss how the schedule may need to be adjusted, and submit a status report with proposed deadlines by March 5, 2025.  The deadline for the Plaintiffs to file a reply in support of their motion for a permanent injunction, which was previously set for February 28, 2025, is ***STAYED*** pending further order.

***SO ORDERED***.

Dated: February 25, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge